# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00325-MR
# (CRIMINAL CASE NO. 1:05-cr-00273-MR-1)

| | |
|---|---|
| DAVID HOWARD HUGHES, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ROBERT WERLINGER, ) <br> WARDEN, FCI LORETTO,[1] ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Petition for Relief under 28 U.S.C. § 2241 or, alternatively, on a Motion for a Writ of Error *Coram Nobis* or a Writ of *Audita Querela* [Doc. 1] and The Government's Response [Doc. 2]. Petitioner is represented by Ross Richardson of the Federal Defenders of Western North Carolina.

## FACTUAL BACKGROUND

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on December 5, 2005, and charged with two counts of

---

[1] The Federal Bureau of Prisons website indicates that Petitioner is incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. Because this motion seeks relief under 28 U.S.C. § 2241, the Court hereby *sua sponte* substitutes the warden of Petitioner's prison facility for the United States of America as Respondent herein. See 28 U.S.C. § 2242.

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:05cr273, Doc. 1: Indictment]. The first count was later dismissed upon Petitioner's motion, and Petitioner entered into a written plea agreement, agreeing to plead guilty to the second Section 922(g) count. [Id., Doc. 20: Plea Agreement].

Prior to sentencing, the probation officer prepared a Presentence Report ("PSR"), summarizing Petitioner's criminal history, including his numerous prior felony convictions. [Id., Doc. 53: PSR]. According to the PSR, when Petitioner possessed the firearm at issue, he had six prior felony convictions under North Carolina's structured sentencing laws for breaking or entering and larceny and one count of felony possession of methamphetamine. [Id. at 10-13]. For any of the felony convictions reported by the probation officer, Petitioner could not have received a sentence of more than one year.[2] [Id.].

---

[2] Respondent notes that Petitioner's most serious prior conviction is a Class H felony with a prior record level of II. Under North Carolina General Statutes § 15A-1340.17(c) and (d), the highest sentence Petitioner could have received for that conviction was ten months. The Court also notes that Petitioner received a suspended sentence of two years for a misdemeanor larceny conviction and that due to a probation revocation, Petitioner ultimately served 17 months of that sentence. This offense, however, is not a qualifying predicate for a § 922(g) conviction, as the term "crime punishable for a term exceeding one year" does not include a state offense which is classified as a misdemeanor and which is punishable by a term of imprisonment of two years or less. See 18 U.S.C. § 921(a)(20)(B).

On April 4, 2007, this Court sentenced Petitioner to 188 months' imprisonment and four years of supervised release. [Id., Doc. 23: Judgment]. The Court entered judgment on April 20, 2007. [Id.]. Petitioner appealed, and on November 28, 2007, the Fourth Circuit affirmed Petitioner's conviction. United States v. Hughes, 255 F. App'x 740 (4th Cir. 2007).

On December 1, 2008, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, which motion was denied by this Court on January 16, 2009. [Civil Case No. 1:08cv539, Docs. 1, 16]. On September 7, 2012, Petitioner filed the pending motion for relief under 28 U.S.C. § 2241 or, in the alternative, for the writs of error *coram nobis* or *audita querela*, arguing that he is entitled to relief in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the state court felonies used to support the Section 922(g)(1) conviction did not carry a possible sentence of more than one year.[3] Petitioner contends that the

---

[3] In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, where the Fourth Circuit had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 406 F.3d 242, 246 (4th Cir. 2005).

3

Court should therefore vacate his conviction. In its Response, filed on October 19, 2012, the Government concedes that Petitioner is actually innocent of the § 922(g) conviction, and the Government agrees with Petitioner that the Court should vacate Petitioner's conviction.[4] This argument, however, rested upon the question of whether the rule is <u>Simmons</u> was retroactive to cases on collateral review. The Fourth Circuit held on August 21, 2013, in <u>Miller v. United States</u>, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013) that it is, thus providing the basis upon which Petitioner makes his argument.

## DISCUSSION

Section 2255 is generally the proper proceeding to collaterally attack the validity of a federal conviction or sentence. <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). By contrast, § 2241 is a means of attacking the manner in which a sentence is executed. <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000), however, that where § 2255 is inadequate or

---

[4] Although § 2241 motions ordinarily should be filed in the district in which the defendant is confined, the Government has waived any challenge it could assert to venue. [See Doc. 2 at 1]. See also <u>Kanai v. McHugh</u>, 638 F.3d 251, 258 (4th Cir. 2011) (recognizing that the government may waive any challenge to the court's jurisdiction under Section 2241 based on venue). Further, although the Government does not state as such in its Response, the Government has obviously also foregone or forgiven the Petitioner's waiver in his plea agreement to any right to collaterally challenge his conviction.

4

ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of § 2255 permits a petitioner to seek relief under § 2241. In re Jones, 226 F.3d at 333. While the savings clause can be invoked to permit § 2241 relief where § 2255 is inadequate or ineffective, it only applies to permit such relief, when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Each of these elements is met here. At the time of Petitioner's conviction, United States v. Harp, 406 F.3d 242 (4th Cir. 2005), was the settled law of this Circuit that established the legality of Petitioner's conviction. After Petitioner's appeal and § 2255 were concluded, the Court of Appeals overturned Harp in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The new rule in Simmons, while resting at least in some measure on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), is not one of constitutional law, and thus Petitioner cannot satisfy the gatekeeping

5

provisions of § 2255.

In its response to Petitioner's motion to vacate, the Government concedes that, under Simmons, the underlying state court offense used to support Petitioner's § 922(g) conviction was not punishable by more than one year in prison; therefore, Petitioner lacks a qualifying, predicate conviction to support his conviction under 18 U.S.C. § 922(g)(1). The Government also concedes that the requirements for relief under § 2241 are satisfied in this case with respect to Petitioner's § 922(g)(1) conviction. Accordingly, the Court concludes that Petitioner is entitled to relief under § 2241 and that his § 922(g)(1) conviction should be vacated. The Court will therefore grant the § 2241 petition and vacate Petitioner's § 922(g) conviction.[5]

## CONCLUSION

In sum, for the reasons stated herein, the Court grants Petitioner's § 2241 petition.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's petition under 28 U.S.C. § 2241 [Doc. 1] is **GRANTED** and Petitioner's conviction is hereby **VACATED**;

---

5 Because § 2241 provides a remedy to Petitioner, this case does not meet the requirements for either a writ of error *coram nobis* or a writ of *audita querela*, the alternative bases for relief asserted by Petitioner.

(2) Petitioner's alternative petitions for a writ of error *coram nobis* and a writ of *audita querela* [Doc. 1] are **DENIED AS MOOT**;

(3) Inasmuch as Petitioner's conviction has been vacated, his sentence is also **VACATED**, and he is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service and/or any conditions of supervised release/bond imposed in this matter;

(4) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten (10) days to comply with this order.

(5) The Clerk of Court is directed to certify copies of this Order to the U.S. Bureau of Prisons, the U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: September 21, 2013

Martin Reidinger
United States District Judge